# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANIQUA THOMPSON,<br>Plaintiff,<br><br>V.<br><br>ZWICKER AND ASSOCIATES, PC,<br>Defendant. | Civil Action No. _____ |

### COMPLAINT
### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

### JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged the violations alleged herein against Plaintiff while Plaintiff so resided.

### PARTIES

3. Plaintiff, Shaniqua Thompson, (hereinafter "Thompson" or "Plaintiff"), is a natural person residing at 241-15 132nd Road Rosedale NY 11422.

4. Defendant, Zwicker and Associates, P.C., (hereinafter "Defendant") is a professional corporation, incorporated in the Commonwealth of

     Massachusetts, with a principle place of business at 80 Minuteman Road, Andover, MA 01810.

5. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

6. The Plaintiff is an obligor for a private student loan for which the Defendant is the debt collector.

7. On about March 11, 2014, Mr. Herrington called the home of Josephine Thompson, the Plaintiff's grandmother.

8. Mr. Herrington informed the Plaintiff's grandmother that he was contacting her regarding the private student loan debt of the Plaintiff. During this conversation, Mr. Herrington disclosed personal information regarding the debt to the Plaintiff's grandmother, who is a third party, not otherwise obligated on the debt.

9. On or about March 12, 2014, Mr. Herrington contacted Sheila Thompson, the Plaintiff's mother, regarding the student loan debt in question and threatened to garnish the wages of Thompson's mother in an attempt to collect on the debt.

## CAUSES OF ACTION

### COUNT I
### 15 U.S.C. 1692c(a)(3)

10. Plaintiff re-alleges paragraphs 1 through 13, and by this reference incorporates the same as though fully set forth herein.

11. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(a)(3) by continuing to contact the Plaintiff at his place of employment.

12. Said statute states that a debt collector may not communicate with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the Plaintiff's employer prohibits such communications.

13. Coworker of the Plaintiff informed agents of the Defendant that the Plaintiff's employer forbids such calls.

14. Despite being informed of this fact, the agents of the Defendant continued to contact the Plaintiff at her place of employment.

15. Therefore, the Plaintiff asserts that the Defendant had reason to know that such communications could endanger the Plaintiff's employment.

## COUNT II
## 15 U.S.C. 1692c(b)

16. Plaintiff re-alleges paragraphs 1 through 19 and by this reference incorporates the same as though fully set forth herein.

17. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692c(b) by continuing to communicate with the Plaintiff who is not the debtor for which the Defendant seeks to collect.

18. Agents of the Defendant contacted the Plaintiff's mother regarding the aforementioned debt and informed her of the nature of the debt about which they were calling.

19. As a result of these communications, agents of the Defendant revealed personal information regarding the debt to third parties.

## COUNT III
## 15 U.S.C. 1692d(5)

20. Plaintiff re-alleges paragraphs 1 through 23 and by this reference incorporates the same as though fully set forth herein.

21. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692d(5) by communicating with the Plaintiff and the Plaintiff's daughter in a harassing manner.

22. Specifically, by manipulating facts about the ability or inability to garnish the wages of the Plaintiff, the agents of the Defendant engaged in these

communications for the purpose of harassing, annoying or abusing the Plaintiff and members of her family.

23. The actions by the agents of the Defendant by engaging any person in a telephone conversation that is meant to annoy, abuse or harass, have violated this provision of the statute.

24. Frequent calls to places of employment, calls to family members, disclosure of personal information regarding the debt in question and threatening to garnish wages are examples of the harassing and annoying behavior of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

1.) For statutory damages in the amount of $1,000 and actual damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);
2.) For $3,605.00 in legal costs incurred in responding to unlawful collection activity.
3.) For further actual damages incurred by the Plaintiff in an amount to be proven at the time of trial;
4.) For prejudgment interest in an amount to be proven at time of trial;
5.) For attorney's fees pursuant to 15 U.S.C. 1692(k);
6.) For the costs of this lawsuit; and
7.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: 03/03/2015    Respectfully submitted,
The Plaintiff
SHEILA THOMPSON
By and through counsel,

/s/ Paul A. Petrillo
Paul A Petrillo, Esq.
202 Main St., Suite 102
Salem, NH 03079
(603) 894-4120
Bar# 16186